IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD LEWIS AUSTIN, #A1076082, | ) ) ) | CIV. NO. 11-00683 DAE-RLP |
| Plaintiff, | ) ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND |
| vs. | ) ) ) | DISMISSING COMPLAINT WITH LEAVE TO AMEND AND SHOW |
| PAPA JOHN'S PIZZA, DANIEL PHELT, JOSEPH KEVIN AUSTIN, HONOLULU POLICE DEPARTMENT OFFICERS, | ) ) ) ) ) | CAUSE |
| Defendants. | ) ) | |
| _____ | ) | |

### ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND AND SHOW CAUSE

Before the court is *pro se* Plaintiff Gerald Lewis Austin's prisoner civil rights complaint and *in forma pauperis* application. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"). Plaintiff names Papa John's Pizza, Daniel Phelt ("Phelt"), Joseph Kevin Austin ("Joseph" or "Plaintiff's Brother"), and unnamed Honolulu Police Department ("HPD") Officers (collectively, "Defendants") in their individual and official capacities. Plaintiff claims Defendants violated his constitutional rights during his arrest.

Plaintiff's *in forma pauperis* application is DENIED and his Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). Plaintiff is granted leave to amend the Complaint, if possible, to cure the deficiencies detailed below and is ordered to show cause why this action should not be dismissed as time-barred.

## I. IN FORMA PAUPERIS APPLICATION

Plaintiff's *in forma pauperis* application is DENIED without prejudice because it is not on this court's approved application form for prisoners and therefore lacks Plaintiff's signed consent to collect the filing fees from his prison trust account. *See* 28 U.S.C. § 1915(a)(2).

On or before **December 12, 2011**, Plaintiff must either pay the $350.00 filing fee or submit a fully completed *in forma pauperis* application on the proper form, showing that he is a pauper within the meaning of the statute, and consenting to the withdrawal of fees from his account. Failure to do so may result in AUTOMATIC DISMISSAL of the Complaint and action without prejudice for failure to prosecute this action or to follow a court order. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992). The Clerk is DIRECTED to send Plaintiff the

court's application to proceed *in forma pauperis* by a prisoner and instructions so that he may comply with this Order.

## II. STATUTORY SCREENING

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A. Plaintiff's Allegations

Plaintiff claims that, on August 25, 2007, his twin brother, Joseph, robbed Phelt, who was a Papa John's Pizza delivery person. Phelt called the HPD and reported the robbery, and Plaintiff alleges, mistakenly identified Plaintiff and his brother Joseph as the perpetrators. Plaintiff further alleges that the HPD Officers beat him and falsely arrested him. Plaintiff claims that Defendants' allegedly improper actions resulted in his current conviction and ten-year sentence. Plaintiff seeks $1 billion in damages from each defendant.

### B. Defendants Phelt and Plaintiff's Brother Joseph Are Dismissed

"One of the requisite elements for stating a claim under § 1983 is that the violation was committed by a 'person' acting under color of state law." *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). A private individual is acting under

color of state law when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001). A court may consider various factors in determining whether the nexus requirement is satisfied, including whether the government delegated a "public function" to a private actor. *See Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 747 (9th Cir. 2003); *West v. Atkins*, 487 U.S. 42, 56 (1988); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627-28 (1991).

Plaintiff fails to allege how Phelt, a pizza delivery person, and Plaintiff's twin brother, Joseph, acted under color of state law when they allegedly violated his rights. Nor is this court able to imagine *any* conceivable scenario wherein these two individuals acted under color of state law under the circumstances alleged here, i.e., that Plaintiff's twin brother, Joseph, was a state actor when he allegedly robbed Phelt, and Phelt was a state actor when he reported that robbery to the police.

Moreover, insofar as Plaintiff is attempting to hold Phelt liable under § 1983 for Phelt's testimony at Plaintiff's trial, which apparently resulted in Plaintiff's conviction, Plaintiff fails to state a claim. Witnesses are immune from suit under § 1983 for testimony given during judicial proceedings. *Briscoe v.*

*LaHue*, 460 U.S. 325, 345-46 (1983). This immunity extends to sworn statements made to the court, *Burns v. County of King*, 883 F.2d 819, 822 (9th Cir. 1989), and for alleged conspiracies to commit perjury. *Cunningham v. Gates*, 229 F.3d 1271, 1291 (9th Cir. 2000).[1]

Plaintiff's claims against Defendants Daniel Phelt and Joseph Kevin Austin are frivolous, fail to state a claim, and are DISMISSED.

## C.     Heck v. Humphrey

Plaintiff claims that unnamed HPD officers used excessive force when they falsely arrested him on August 25, 2007. A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction; a prisoner's sole federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil

---

[1] Witness immunity does not apply to a "complaining witness," and this analysis is limited to Phelt's alleged testimony at trial, not his initial accusation against Plaintiff. *Paine v. City of Lompoc*, 265 F.3d 975, 981 n.2 (9th Cir. 2001) ("Absolute witness immunity does not extend to 'complaining witnesses,' those individuals whose allegations serve to bring about a prosecution.").

7

rights claim under § 1983 does not accrue until the prisoner has obtained a "favorable termination" of the underlying conviction. *See Heck v. Humphrey,* 512 U.S. 477, 489 (1994); *Docken*, 393 F.3d at 1031. Thus, to recover damages for an allegedly unconstitutional conviction or imprisonment, or other harm whose unlawfulness would render a conviction or sentence invalid, such as Plaintiff's claim for false arrest, Plaintiff must prove that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87. Without such a showing, Plaintiff's action has not yet accrued. *Id.* at 489.

Plaintiff alleges he is serving a ten-year sentence for robbing Defendant Phelt. It is therefore clear that neither Plaintiff's conviction nor sentence has been invalidated. Success on Plaintiff's false arrest claims would necessarily imply the invalidity of Plaintiff's underlying conviction. Plaintiff's claim will not accrue until his underlying convictions are reversed. Plaintiff's false arrest claims against the unnamed HPD Officers have not yet accrued and are DISMISSED without prejudice.

//

**D. Statute of Limitation**

The only claims remaining are Plaintiff's claims against the unnamed HPD Officers for their alleged use of excessive force during his arrest. Plaintiff states that this occurred on August 25, 2007, more than four years ago. A complaint fails to state a claim where a defense is complete and obvious from the face of the pleadings. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)). In the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (same); *Johnson v. Rodriguez*, 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

The statute of limitation applicable to § 1983 actions in Hawaii is Haw. Rev. Stat. § 657-7, the two-year "general personal injury" provision. *See Pele Defense Fund v. William Paty*, 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (1992). Section 657-13 tolls the statute of limitation for those who are

incarcerated, but it does not toll suits against the sheriff or police. *See* Haw. Rev. Stat. § 657-13. Unless Plaintiff can provide some other basis for tolling the statute of limitation for his claims, they are time-barred. Plaintiff is ORDERED to show cause, on or before **December 12, 2011**, why this action should not be dismissed as time-barred.

E.     **Leave to Amend**

The Complaint is DISMISSED for failure to state a claim. Although unlikely, it is possible that Plaintiff can amend his claims or show cause why this action should not be dismissed as time-barred. Plaintiff may file a proposed amended complaint, and is ORDERED TO SHOW CAUSE regarding the statute of limitation. on or before **December 12, 2011.** The proposed amended complaint must cure the deficiencies noted above and Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights and that his claims are not time-barred.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an

amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

## IV. CONCLUSION

IT IS HEREBY ORDERED that:

(1) Plaintiff's *in forma pauperis* application is DENIED. Plaintiff is ORDERED to submit the filing fee or a properly completed application to proceed *in forma pauperis* by a prisoner, on or before **December 12, 2011.** Failure to do so may result in dismissal of this action for failure to prosecute or otherwise obey a court order.

(2) The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(3) Plaintiff is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above by **December 12, 2011.** Plaintiff is further ORDERED TO SHOW CAUSE why this action should not be dismissed in its entirety as time-barred. Failure to timely or properly amend the Complaint and to show cause will result in dismissal of this action for frivolousness and for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk of Court is directed to mail a form prisoner civil rights complaint, an application to proceed *in forma pauperis* by a prisoner, and instructions to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 10, 2011.



_____
David Alan Ezra
United States District Judge

*Austin v. Papa John's Pizza, et al.,* Civ. No. 11-00683 DAE-RLP; Order Denying *In Forma Pauperis* Application and Dismissing Complaint With Leave to Amend and Show Cause; psa/Screening/dmp/ 2011/Austin 11-683 dae (dny IFP, dsm ftsc lv amd)